IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lamar Jabbar McGill, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:24-cv-1973-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Officer Skeels, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Lamar Jabbar McGill's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On July 1, 2024, the Magistrate Judge issued an order notifying Plaintiff that this action was subject to summary dismissal for failure to state a claim and giving Plaintiff 21 days to file an amended complaint.  (ECF No. 8.)  Despite the Magistrate Judge's order, Plaintiff did not file an amended pleading.  In an abundance of caution, the Magistrate Judge issued a second order, affording Plaintiff one final opportunity to submit an amended pleading, and emphasizing that the failure to comply would result in summary dismissal. (ECF No. 10.)  Despite the Magistrate Judge's warnings, Plaintiff failed to file an amended pleading.

Accordingly, on September 10, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action for failure to state a claim upon which relief may be granted and without further leave to amend because Plaintiff has already had the opportunity to do so.  (ECF No. 12.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 12), and the Court dismisses this action for failure to state a claim and without further leave to amend.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 2, 2024
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is notified of the right to appeal this order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.